UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROLAND HICKS, | : | |
| | : | |
| Plaintiff, | : | PRISONER |
| v. | : | CASE NO. 3:08-cv-1012 (MRK) |
| | : | |
| THERESA LANTZ, ET AL., | : | |
| | : | |
| Defendants. | : | |

INITIAL REVIEW ORDER

Roland Hicks, currently incarcerated and proceeding *pro se* and *in forma pauperis*, has filed a Complaint [doc. # 1] and Amended Complaint [doc. # 17] pursuant to 42 U.S.C. § 1983 against Theresa Lantz, Connecticut Department of Correction ("DOC") Commissioner; Brian Murphy, DOC Deputy Commissioner; John Sieminski, Warden of the MacDougall-Walker Correctional Institution ("MWCI") in Suffield, Connecticut; Wayne Choinski, a District Administrator of the DOC;  Major Polce; Parole Liaison Officer Lopez; and Connecticut Assistant Public Defender Susan Hankins, all in their official and individual capacities.  Mr. Hicks alleges that during his nearly one-year pretrial detention at the MWCI, he and other pretrial detainees were treated the same or worse than the high-security convicted inmates in the same facility.  Mr. Hicks alleges that the treatment of pretrial detainees was intentionally designed to be punitive in nature in order to pressure the detainees into taking plea bargains, and that his complaints about the conditions went unaddressed.

Under 28 U.S.C. § 1915A (2000), the Court must "review, before docketing, if feasible or, in any event, as soon as practicable after docketing" the civil complaint of any prisoner who "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  The Court must dismiss any portion of the complaint that "is frivolous, malicious, or fails

to state a claim upon which relief may be granted" or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A *pro se* complaint is adequately pled if its allegations, liberally construed, could "conceivably give rise to a viable claim." *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005). As the Supreme Court has emphasized, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *see also Boykin v. KeyCorp*, 521 F.3d 202, 214 (2d Cir. 2008) (same). The Court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("The policy of liberally construing pro se submissions is driven by the understanding that [i]mplicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." (citation and quotation marks omitted)). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, . . . . that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); ("Even after *Twombly*, though, we remain obligated to construe a *pro se* complaint liberally.").

Mr. Hicks was arrested on August 25, 2005 on larceny charges by officers of the Greenwich Police Department. Charges stemming from his arrest were filed against him in both state and federal court. Mr. Hicks was allegedly held between October 7, 2005 and September 19, 2006 in pretrial detention at the MacDougall-Walker Correctional Institution in Suffield, Connecticut.

Plaintiff asserts that during that time period, Defendants Sieminski, Lantz, Polce and Choinski treated him as if he were a convicted prisoner and that the conditions of confinement constituted punishment in violation of his constitutional rights.

In September 2005, a state court judge appointed Assistant Public Defender Susan Hankins to represent plaintiff in his state criminal case. Attorney Hankins worked with the federal public defender appointed to represent plaintiff in his federal criminal case to reach a global resolution for both the state and federal cases. On September 12, 2006, in *United States v. Hicks*, Case No. 3:06cr179 (EBB), United States District Judge Ellen Bree Burns sentenced the plaintiff to thirty-seven months of incarceration, followed by three years of supervised release and an order of restitution in the amount of 1.5 million dollars. On September 19, 2006, in his state criminal case, Mr. Hicks was sentenced to eight years of imprisonment.

Mr. Hicks began serving his federal sentence in October 2006. In May 2007, DOC officials lodged a detainer with the Federal Bureau of Prisons to notify it of Mr. Hicks' state sentence. Mr. Hicks' repeated requests to Attorney Hankins to assist him in removing the detainer were unsuccessful. On February 25, 2009, Hicks was discharged from his federal sentence and was transferred to the Hartford Correctional Center. On March 19, 2009, DOC officials transferred Mr. Hicks to Willard Correctional Institution, where he is currently incarcerated. Mr. Hicks asserts that Attorney Hankins failed to file the necessary paperwork to ensure that he received pre-sentence jail credit and a parole hearing in May 2009.

On March 23, 2009, plaintiff met with Parole Liason Officer Lopez and discussed his state and federal sentences. Since his meeting with Officer Lopez, two scheduled parole hearing dates for Mr. Hicks were cancelled. Mr. Hicks is only seeking monetary damages.

To state a claim under section 1983, the plaintiff must allege facts showing that the defendant, a person acting under color of state law, deprived him of a federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982). Mr. Hicks does not allege any facts to indicate that Attorney Hankins was acting under color of state law when she failed to effectively represent him in his state criminal case. Absent special circumstances suggesting concert of action between an attorney and a state representative, an attorney's representation of a defendant in a state criminal proceeding does not constitute the degree of state involvement or interference necessary to establish a claim under section 1983 against the attorney even if the attorney was appointed by the court or employed as a public defender. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (holding that public defenders do not act "under color of state law" and therefore are not amenable to suit under 42 U.S.C. § 1983); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir.1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.").

Plaintiff asserts that in September 2005, in the Connecticut Superior Court for the Judicial District of Stamford, a judge appointed Attorney Susan Hankins, to represent him in a criminal case. Plaintiff claims that Attorney Hankins failed to afford him effective assistance of counsel during discussions regarding a possible plea agreement, at his plea hearing in June 2006 and at the sentencing proceeding in September 2006. Representing a client during plea negotiations and at sentencing are part of the traditional functions of counsel to a criminal defendant. Because public defenders do not act under color of state law while defending a criminal action, the claims against defendant Hankins are not cognizable under section 1983 and are dismissed. *See Polk County*, 454

U.S. at 325; 28 U.S.C. § 1915A(b)(1). If Mr. Hicks wishes to bring an ineffective assistance of counsel claim to challenge his underlying conviction, he could do so by bringing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after exhausting all possible state remedies. *See Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir. 2005) (Exhaustion of all available state remedies is a prerequisite to habeas relief under Section 2254; that is, a petitioner must have "'fairly presented his [or her] claims to the state courts.'") (*quoting O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)); *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) ("To satisfy § 2254's exhaustion requirement, a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state."(internal quotation marks and citations omitted).

Mr. Hicks also asserts state law claims of negligence and breach of fiduciary duty against Attorney Hankins. Supplemental or pendent jurisdiction is a matter of discretion, not of right. Thus, the court need not exercise supplemental jurisdiction in every case. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 715-26 (1966). The federal court should exercise supplemental jurisdiction and hear a state claim when doing so would promote judicial economy, convenience and fairness to the litigants. The court should decline to exercise supplemental jurisdiction, however, when state law issues would predominate the litigation or the federal court would be required to interpret state law in the absence of state precedent. In addition, the court may decline to exercise supplemental jurisdiction where the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3); *Spear v. Town of West Hartford*, 771 F. Supp. 521, 530 (D. Conn. 1991). Because the court has dismissed the plaintiff's federal claims against defendant Hankins, the court declines to exercise supplemental jurisdiction over his state law claims against her.

Plaintiff alleges that he met with Parole Liaison Officer Lopez to discuss his eligibility for a parole hearing and that two parole hearings were cancelled. A prisoner has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Thus, prisoners have no general federal constitutional right to parole or a parole hearing. A right to release on parole may, however, be created under state law. *See id*. at 11-12 (mandatory language of Nebraska statute gave inmates a protectable liberty interest in the Parole Board setting a parole date); *Pugliese v. Nelson*, 617 F.2d 916, 923 (2d Cir.1980) (lawfully imprisoned inmate does not have a protected liberty interest in being released on parole prior to the expiration of the term of his sentence unless that right is created under state law).

Connecticut statutes do not create a protected liberty interest in parole for Connecticut inmates. *See Baker v. Commissioner of Correction*, 281 Conn. 241, 257-59 (2007) (Conn. Gen.Stat. § 54-125a, the parole statute applicable to persons serving a sentence of more than two years, does not create a liberty interest protected by due process); *Vincenzo v. Warden*, 26 Conn.App. 132, 141-43 (1991) (no protected liberty interest in parole release created under language of Connecticut parole statute). Because Mr. Hicks has no constitutionally or federally protected right to parole, the claims against Parole Liaison Officer Lopez are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

All claims for damages against the remaining defendants in their official capacities are barred by the Eleventh Amendment and are dismissed pursuant to 28 U.S.C. § 1915A(b)(2). *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment

6

immunity). The Court concludes that the allegations, as construed above, warrant service of the complaint on Defendants Lantz, Sieminski, Murphy, Choinski and Polce in their individual capacities.

**ORDERS**

In accordance with the foregoing analysis, the court enters the following orders:

(1) All federal claims against Defendants Hankins and Lopez and the claims against Defendants Lantz, Sieminski, Murphy, Choinski and Polce in their official capacities are DISMISSED. *See* 28 U.S.C. § 1915A(b)(1) and (2). The court declines to exercise supplemental jurisdiction over any state law claims against defendant Hankins. The claims against Defendants Lantz, Sieminski, Murphy, Choinski and Polce in their individual capacities shall proceed. No other claim or defendant shall be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15. In light of these orders, the Motion for Judicial Action [**doc. # 18**] is **DENIED** as moot.

(2) Within **ten (10) business days of this Order**, **the Clerk** shall verify the current work address for each defendant and mail a waiver of service of process request packet to each defendant in his or her individual capacity at his or her current work address. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and that defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3) **The Pro Se Prisoner Litigation Office shall** send a courtesy copy of the Complaint, Amended Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(4) **The Pro Se Prisoner Litigation Office shall** send written notice to Mr. Hicks of the status of this action, along with a copy of this Order.

(5) **Defendants shall** file their response to the Amended Complaint, either an answer or motion to dismiss, by November 10, 2009. If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed by March 30, 2010. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed by April 30, 2010.

(8) Pursuant to Local Civil Rule 9(a), a non-moving party must respond to a dispositive motion within **twenty-one (21)** days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** at New Haven, Connecticut this 1st day of September, 2009.

/s/     Mark R. Kravitz
United States District Judge